IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROGER STOOKSBURY,                )
                                 )           4:05cv3030
          Petitioner,            )
                                 )      MEMORANDUM AND ORDER
     vs.                         )
                                 )
ROBERT HOUSTON,                  )
                                 )
          Respondent.            )

This matter is before the court on filing no. 3, the respondent's Motion for Summary Judgment. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), Roger Stooksbury alleges violations of his civil rights in connection with his conviction and sentence in the District Court of Scotts Bluff County, Nebraska, on or about September 2, 2000. In filing no. 3, the respondent asserts that the § 2254 petition is barred as untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs whether a § 2254 petition is timely. The AEDPA imposed a one-year statute of limitations on federal habeas petitions filed pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d) states:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A). See also Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999):

>In Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187... (1999), § 2244(d)(1)(A) was interpreted by a panel of this court as follows: the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

28 U.S.C. § 2244(d)(2) tolls the one-year statute of limitations while a habeas corpus petitioner exhausts any available state postconviction remedies.  See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001).  However, the AEDPA statute of limitations does not begin to run anew when a state court enters judgment denying postconviction relief, and such a judgment will not suspend, reset or toll the statute of limitations or "cure" a time-barred § 2254 petition.

Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000).

After his sentence on September 7, 2000, the petitioner's direct appeals ended on February 1, 2001. For purposes of the AEDPA statute of limitations, the judgment of conviction became final 90 days thereafter when the period expired in which the petitioner could have applied to the United States Supreme Court for a writ of certiorari. See Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001): "It is settled that 'the conclusion of direct review' includes the ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari."

Therefore, for purposes of 28 U.S.C. § 2244(d)(1)(A), the petitioner's judgment of conviction became final on May 2, 2001, and the AEDPA statute of limitations began to run on May 3, 2001. The limitations period continued to run for 84 days until the plaintiff filed a motion for postconviction relief on July 26, 2001. The postconviction proceedings tolled the AEDPA statute of limitations until denial of the final appeal in the postconviction proceedings on February 11, 2004. As of February 12, 2004, when the statute of limitations resumed running, the plaintiff had 281 days remaining before the end of the one-year AEDPA limitations period. The statute of limitations ran until November 19, 2004 and expired on that date. The plaintiff did not file his § 2254 petition in this court until February 11, 2005.

THEREFORE, IT IS ORDERED:

1.    That filing no. 3, the respondent's Motion for Summary Judgment, is granted;

2.    That the Petition for Writ of Habeas Corpus filed by Roger Stooksbury is denied and dismissed with prejudice; and

3. That a separate judgment will be entered accordingly.

DATED this 2nd day of May, 2005.

                BY THE COURT:

                s/Laurie Smith Camp
                Laurie Smith Camp
                United States District Judge